UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROUBLE P. CLAIRE,<br><br>        Plaintiff,<br><br>      v.<br><br>COUNTY OF SUTTER; EARL MANION, in his individual capacity; VISHAAL VIRK, in his individual capacity; SARA M. HOLLIS; JANE DOE; and DOES 2-20, inclusive,<br><br>        Defendants. | No. 22-cv-00780-TLN-AC<br><br><br>ORDER |

      Judgment has been entered, pursuant to acceptance of an offer of judgment, against all defendants in this case with the exception of pro se defendant Sara M. Hollis and the unserved Jane Doe defendant. ECF No. 15. A pre-trial scheduling conference was held in this matter on December 7, 2022, before the undersigned. Counsel for plaintiff was present, remaining defendants were not. Counsel for plaintiff represented that he has communicated with pro se defendant Hollis and that she is interested in participating in this court's Voluntary Dispute Resolution Program. Plaintiff is also interested in participating in the program. Based upon these representations, the court finds submission of this case to VDRP to serve the interests of justice and judicial efficiency. The parties are each strongly encouraged to participate in the VDRP process in good faith.

In the interest of avoiding the accumulation of fees and costs through potentially unnecessary discovery and motion practice, and to allow the parties sufficient time to pursue an informal resolution of this matter, IT IS HEREBY ORDERED that:

1. This action is STAYED pending further order of the court.
2. The parties are directed to promptly meet and confer to discuss settlement of this action.  Settlement discussions require focus and preparation and should involve the attorneys who will try the case and the person or persons having full authority to negotiate and settle the case on any terms.  Plaintiff should initiate settlement discussions by providing a written itemization of damages and a meaningful settlement demand that includes an explanation of why the demand is appropriate.  Defendant should respond with an acceptance of the offer or with a meaningful counteroffer, and which includes an explanation of why the counteroffer is reasonable.  The parties should continue in this way until they reach settlement or have exhausted informal settlement efforts.
3. If the parties have not been able to informally reach a settlement within 45 days, the parties shall initiate participation in the court's Voluntary Dispute Resolution Program ("VDRP") by contacting the court's VDRP administrator, Sujean Park, at (916) 930-4278 or SPark@caed.uscourts.gov.[1]
4. The parties shall carefully review and comply with Local Rule 271, which outlines the specifications and requirements of the VDRP.

////
////
////
////

---

[1] The resources of the VDRP program are limited, and the parties are expected to make good faith efforts to timely and fully exhaust informal settlement efforts prior to initiating participation in the VDRP.  The court will look with disfavor upon parties stalling or failing to participate in the above-mentioned initial informal discussions, prompting potentially unnecessary participation in the VDRP and straining the program's resources.

5. No later than fourteen (14) days after completion of the VDRP session, the parties shall jointly file their VDRP Completion Report, consistent with Local Rule 271(o).

IT IS SO ORDERED.

DATED: December 8, 2022

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE