UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROUBLE P. CLAIRE, | No. 2:22-cv-00780 TLN AC PS |
| Plaintiff, | |
| v. | ORDER and |
| SARA M. HOLLIS, | FINDINGS AND RECOMMENDATION |
| Defendant. | |

This case was initiated against multiple defendants, including pro se defendant Sara M. Hollis. ECF No. 1 (initial complaint); ECF No. 4 (amended complaint). Plaintiff brought federal civil rights claims against Sutter County and two Sutter County Sheriff Deputies, and various state law claims against Hollis and an unserved Jane Doe. The complaint accused Hollis of a racially motivated assault, Jane Doe of racist vandalism, and the County defendants with failing to properly respond to the incidents. Judgment was entered against the County defendants pursuant to acceptance of an offer of judgment. ECF No. 15.

Because claims remained against the pro se defendant, the case was referred to the undersigned magistrate judge. ECF No. 18. A pre-trial scheduling conference was held on December 7, 2022. Counsel for plaintiff was present; defendant Hollis failed to appear. Counsel for plaintiff represented that he had communicated with Hollis, and that Hollis was willing to participate in this court's Voluntary Dispute Resolution Program. The case was accordingly sent

to VDRP, but Hollis failed to attend the scheduled mediation. ECF No. 22. The case was therefore removed from VDRP, and a status conference was set. ECF No. 33. The parties were ordered to submit a status report. Id. Plaintiff submitted a status report, which contained the following statement on jurisdiction:

> Plaintiff's First Amended Complaint included claims under 42 U.S.C. § 1983, and thus this Court had subject matter jurisdiction over the claims per 28 U.S.C. Section 1331 (federal question), 28 U.S.C. Section 1343 (civil rights), and 28 U.S.C. Section 1367. Although Plaintiff's Section 1983 claims have been resolved pursuant to acceptance of a Rule 68 offer of judgment, the Court retains supplemental jurisdiction under 28 U.S.C. Section 1367.

ECF No. 36 at 2.

"Federal courts are courts of limited jurisdiction." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377, (1994). Because the federal claims in this case have been eliminated, the exercise of supplemental jurisdiction over plaintiff's remaining state law claims is discretionary. Carlsbad Tech. Inc. v. HIF Bio, Inc., 556 U.S. 635, 640 (2009) (statutory supplemental jurisdiction over state law claims may be exercised at court's discretion after dismissal of federal claims); 28 U.S.C. § 1367(c)(3) (district court may decline to exercise supplemental jurisdiction where all claims over which it had original jurisdiction are dismissed). The court's decision whether to exercise supplemental jurisdiction should be informed by "values of economy, convenience, fairness, and comity." Acri v. Varian Assocs., Inc., 114 F.3d 999, 1001 (9th Cir. 1997) (en banc) (citations and internal quotation marks omitted).

The primary responsibility for developing and applying state law rests with the state courts. Therefore, when federal claims are eliminated before trial, district courts should usually decline to exercise supplemental jurisdiction. Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 & n.7 (1988) (citation omitted); Gini v. Las Vegas Metro. Police Dep't, 40 F.3d 1041, 1046 (9th Cir. 1994) ("'[I]n the usual case in which federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state law claims.'" (emphasis and alteration in original) (quoting Schneider v. TRW, Inc., 938 F.2d 986, 993 (9th Cir. 1991)). This general rule is appropriately followed here, because this court has conducted no substantive proceedings regarding the remaining claims. There has not even been a

scheduling order addressing litigation of the claims against Ms. Hollis.  The values of economy, convenience, fairness, and comity are all therefore best served by plaintiff's state law claims proceeding in state court.  No relevant factors weigh in favor of this court's exercise of supplemental jurisdiction.

Because the federal claims have been resolved, the court should decline to exercise supplemental jurisdiction over plaintiff's state law claims.  See Carnegie-Mellon Univ., 484 U.S. at 357 ("[A] district court has discretion to remand to state court a removed case involving pendent claims upon a proper determination that retaining jurisdiction over the case would be inappropriate.").  Plaintiff's remaining claims may be re-filed against Hollis in state court.

## CONCLUSION

Good cause appearing, IT IS HEREBY ORDERED that the status conference set for June 28, 2023, is VACATED.

It is further RECOMMENDED that this court decline to extend supplemental jurisdiction over plaintiff's remaining state law claims, and that this case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one (21) days after being served with these findings and recommendations, plaintiff may file written objections with the court.  Such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Local Rule 304(d).  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 13, 2023

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE