UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROUBLE P. CLAIRE, | No. 2:22-cv-0780 TLN AC |
| Plaintiff, | |
| v. | ORDER |
| SARA M. HOLLIS, | |
| Defendant. | |

This case is before the court on plaintiff's motion to compel the only remaining defendant, Sara M. Hollis, to comply with her discovery obligations in this matter, including her obligation to produce documents and appear for a deposition. ECF No. 40. This discovery motion was referred to the magistrate judge pursuant to E.D. Cal. R. 302(c)(1). Defendant Hollis, who is appearing in pro se, has refused to participate in discovery and the motion was filed without a joint statement pursuant to Local Rule 251(e). ECF No. 40 at 6.

**I.    Relevant Background**

This case was initiated against multiple defendants, including pro se defendant Sara M. Hollis. ECF No. 1 (initial complaint); ECF No. 4 (amended complaint). Plaintiff brought federal civil rights claims against Sutter County and two Sutter County Sheriff Deputies, and various state law claims against Hollis and an unserved Jane Doe. The complaint accused Hollis of a racially motivated assault, Jane Doe of racist vandalism, and the County defendants with failing

1

to properly respond to the incidents.  Judgment was entered against the County defendants pursuant to acceptance of an offer of judgment.  ECF No. 15.

Because claims remain against the pro se defendant, the case was referred to the undersigned magistrate judge for pre-trial proceedings.  ECF No. 18.  A pre-trial scheduling conference was held on December 7, 2022.  Counsel for plaintiff was present; defendant Hollis failed to appear.  Counsel for plaintiff represented that he had communicated with Hollis, and that Hollis was willing to participate in this court's Voluntary Dispute Resolution Program.  The case was accordingly sent to VDRP, but Hollis failed to appear the scheduled mediation.  ECF No. 22.  The case was therefore removed from VDRP, and a case schedule was set.  ECF No. 33.  Discovery is proceeding, with a deadline of January 19, 2024.  ECF No. 39.  Plaintiff, having been unable to obtain any discovery from defendant Hollis, filed the pending motion to compel and request for sanctions on October 27, 2023.  ECF No. 40.  The motion was taken under submission.  ECF No. 41.

**II.     Motion to Compel**

Plaintiff seeks to compel defendant Hollis to produce documents responsive to the requests in his deposition notice, and requests sanctions in the amount of $2,725 for Hollis's failure to appear at her properly noticed deposition.  ECF No. 40 at 2.

A.  Standard on Motion to Compel

The scope of discovery in federal cases is governed by Federal Rule of Civil Procedure 26(b)(1).  The current Rule states:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).  Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in

determining the action.  Fed. R. Evid. 401.  Relevancy to the subject matter of the litigation "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case."  Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978).  Relevance, however, does not establish discoverability; in 2015, a proportionality requirement was added to Rule 26.  Under the amended Rule 26, relevance alone will not justify discovery; discovery must also be proportional to the needs of the case.

A party seeking to compel discovery has the initial burden to establish that its request is proper under Rule 26(b)(1).  If the request is proper, the party resisting discovery has the burden of showing why discovery was denied; they must clarify and support their objections. Blankenship v. Hearst Corp., 519 F.2d 418, 429 (9th Cir.1975).  General or boilerplate objections, without explanation, are not prohibited but are insufficient as a sole basis for an objection or privilege claim.  Burlington Northern & Santa Fe Ry. v. United States Dist. Court, 408 F.3d 1142, 1149 (9th Cir.2005).

### B.  Defendant Hollis is Required to Participate in Discovery

On August 10, 2023, plaintiff properly served a Notice of Taking Deposition to Sara Hollis and Request to Produce Documents at Deposition to Defendant Sara Hollis, by mail. Declaration of Gina Szeto-Wong ("GSW Decl.") ¶¶ 2 and 3, Exhibit 1; Declaration of Sean Tamura-Sato ("STS Decl.") ¶¶ 2 and 3, Exhibit 1.  The following day, plaintiff's counsel emailed Hollis the notice, but received no response.  GSW Decl. ¶¶ 4 and 5, Exhibit 2.  On August 21, plaintiff's counsel again emailed Hollis requesting confirmation of her attendance at the upcoming deposition and still received no response.  GSW Decl. ¶¶ 6 and 7, Exhibit 3. Defendant Hollis failed to appear at her noticed deposition on September 6, 2023.  GSW Decl. ¶¶ 8 and 9, Exhibit 4; STS Decl. ¶¶ 4 and 5, Exhibit 2.  Defendant also failed to object to any of plaintiff's document requests served under Federal Rule of Civil Procedure 34.  ECF No. 40 at 4. On September 10, Hollis sent plaintiff's counsel an email stating she would not appear at the noticed deposition.  GSW Decl., Exhibit 6.

////

When a case is proceeding in federal court, the parties' good faith participation in discovery is mandatory, not optional. Indeed, the Federal Rules of Civil Procedure are clear that a party's failure to appear at their own deposition "is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective order under Rule 26(c)." Fed. R. Civ. P. 37(d)(2). Defendant Hollis is required, as a party to this case, to participate in discovery, including a deposition. She may not simply refuse to participate. For this reason, the motion to compel is granted.

### III. Motion for Sanctions

When a party fails to appear for her deposition, "the court must require the party failing to act ... to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3). The same holds true when a party fails to obey a discovery order. Fed. R. Civ. P. 37(b)(2)(C). Defendant Hollis expressly refused to appear for her properly noticed deposition, and in fact, did not appear. ECF No. 40-5 at 12-20. Plaintiff incurred $2,725 for attorneys' fees and court reporter/transcript costs of $350 while attempting to secure Hollis' appearance at deposition. STS Decl. ¶¶ 4 and 5. Defendant Hollis is ordered to reimburse plaintiff for these expenses. The penalty is not unjust considering Hollis's clear notice of the deposition and express refusal to participate in discovery as required by the Federal Rules of Civil Procedure and the rules of this court.

Defendant Hollis is cautioned that continued failure to participate in discovery may result in further sanctions up to and including entry of default judgment against her in the full amount requested by plaintiff. Fed. R. Civ. P. 37(b)(2). Defendant Hollis is strongly encouraged to participate fully in discovery to avoid further sanctions.

### IV. Conclusion

Plaintiff's motion to compel and request for sanctions (ECF No. 40) is GRANTED. Defendant Sara Hollis must appear for her deposition and produce documents responsive to

////

////

Document Requests 1 to 4.  Further, defendant Sara Hollis is ordered to pay sanctions to plaintiff in the amount of $2,725.00 with in 14 days of this Order.

    IT IS SO ORDERED.

DATED: December 7, 2023

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE