1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   ROUBLE P. CLAIRE, an individual,          No.  2:22-cv-00780 TLN AC

12              Plaintiff,

13        v.                                   ORDER AND FINDINGS AND
                                               RECOMMENDATIONS
14   SARA M. HOLLIS,

15              Defendant.

16

17        This matter is before the court on plaintiff's motion for terminating discovery sanctions.

18   ECF No. 46; see E.D. Cal. R. 302(c)(1).  The motion was heard on April 10, 2024 with plaintiff's

19   counsel present.  Defendant Sara M. Hollis did not file an opposition to the motion, otherwise

20   respond to the motion, or appear for the hearing.  For the reasons stated below, the undersigned

21   recommends that plaintiff's motion for terminating sanctions be granted, and that default

22   judgment be entered in favor of plaintiff and against Ms. Hollis.

23                          **I.      BACKGROUND**

24        A.  Overview

25        This case was initiated against multiple defendants, including pro se defendant Sara M.

26   Hollis.  ECF No. 1 (initial complaint); ECF No. 4 (amended complaint).  Plaintiff brought federal

27   civil rights claims against Sutter County and two Sutter County Sheriff Deputies, and various

28   state law claims against Hollis and an unserved Jane Doe.  The complaint accused Hollis of a

                                    1

racially motivated assault, Jane Doe of racist vandalism, and the County defendants with failing

to properly respond to the incidents.  Hollis submitted a document to the court, which was

docketed as an answer on July 14, 2022.  ECF No. 7.  This document stated in its entirety, "I,

Sara Hollis have received and do acknowledge that I am being sued in a civil court.  The actions

and statements made against me are not true and all questions being presented have been

answered and are contained in police reports."  Id.

Judgment was entered against the County defendants pursuant to acceptance of an offer of

judgment.  ECF No. 15.  Because claims remained against pro se defendant Hollis, the case was

referred to the undersigned magistrate judge.  ECF No. 18.

B.  Defendant Hollis's Initial Failures to Participate in Litigation

A pre-trial scheduling conference was held on December 7, 2022.  Counsel for plaintiff

was present; defendant Hollis failed to appear.  Counsel for plaintiff represented that he had

communicated with Hollis, and that Hollis was willing to participate in this court's Voluntary

Dispute Resolution Program.  The case was accordingly sent to VDRP, but Hollis failed to attend

the scheduled mediation.  ECF No. 22.  The case was therefore removed from VDRP, and a status

conference was set.  ECF No. 33.  The parties were ordered to submit a status report, and plaintiff

filed a status report that was not signed by defendant Hollis.  ECF No. 36.  A case schedule was

set, and discovery commenced.  ECF No. 39.

C.  December 2023 Order on Motion to Compel

Plaintiff filed a motion to compel discovery on October 27, 2023.  ECF No. 40.  That

motion stated that on August 10, 2023, plaintiff had served a Notice of Taking Deposition to Sara

Hollis and a Request to Produce Documents at Deposition to Sara Hollis, by mail.

Declaration of Gina Szeto-Wong ("GSW Decl.") ¶¶ 2 and 3, Exhibit 1; Declaration of Sean

Tamura-Sato ("STS Decl.") ¶¶ 2 and 3, Exhibit 1.  The following day, plaintiff's counsel e-

mailed Hollis the notice, but received no response.  GSW Decl. ¶¶ 4 and 5, Exhibit 2.  On August

21, plaintiff's counsel again emailed Hollis requesting confirmation of her attendance at the

upcoming deposition and still received no response.  GSW Decl. ¶¶ 6 and 7, Exhibit 3.

Defendant Hollis failed to appear at her noticed deposition on September 6, 2023.  GSW Decl. ¶¶

2

1   8 and 9, Exhibit 4; STS Decl. ¶¶ 4 and 5, Exhibit 2.  Defendant also failed to object to any of

2   plaintiff's document requests that had been served under Federal Rule of Civil Procedure 34.

3   ECF No. 40 at 4.  On September 10, Hollis sent plaintiff's counsel an email stating she would not

4   appear at the noticed deposition.  GSW Decl., Exhibit 6.

5          On December 7, 2023, the undersigned granted the motion to compel, explaining to Hollis

6   that the Federal Rules of Civil Procedure are clear that a party's failure to appear at their own

7   deposition "is not excused on the ground that the discovery sought was objectionable, unless the

8   party failing to act has a pending motion for a protective order under Rule 26(c)."  Fed. R. Civ. P.

9   37(d)(2).  ECF No. 42 at 2.  The court ordered Hollis to appear for her deposition and pay

10  plaintiff sanctions in the amount of $2,725.00 within 14 days of the order.  Id. at 4-5.  The court

11  made Hollis's discovery obligations clear and expressly cautioned her that "continued failure to

12  participate in discovery may result in further sanctions up to and including entry of default

13  judgment against her in the full amount requested by plaintiff.  Fed. R. Civ. P. 37(b)(2)."  Id. at 4.

14         D.  First Ex Parte Request and January 2024 Order

15         On January 3, 2024, plaintiff filed a motion to continue fact discovery because Hollis

16  stated that she was unavailable for any December deposition dates, but agreed to be deposed on

17  January 15, 2024.  ECF No. 43 at 3-4.  The court, noting that Hollis did not oppose the motion,

18  granted it and extended the discovery deadline to March 19, 2024.  ECF No. 45.

19         E.  Second Failure to Appear at Deposition and Motion for Sanctions

20         As set forth above, defendant Hollis's deposition was re-set to January 15, 2024.  Plaintiff

21  has submitted an email from Hollis confirming her availability for that date, stating "January 15th

22  is perfect."  ECF No. 46-2 at 4.  Hollis was served a notice for the January 15 deposition on

23  December 12.  ECF No. 46-2 at 23.  The time of the deposition arrived and Hollis did not appear.

24  Id. at 25.  In response, plaintiff filed the present motion requesting terminating sanctions against

25  Hollis.  ECF No. 46.  A hearing was set via Zoom for April 10, 2024.  ECF Nos. 47, 48.  Hollis

26  did not appear.

27  ////

28  ////

3

## II.  MOTION FOR SANCTIONS

Plaintiff seeks terminating sanctions against Hollis, the only remaining defendant in this case, for her failure to engage in this litigation and for her dilatory behavior causing waste of plaintiff's and the court's resources.  ECF No. 46 at 6.  Defendant did not file any opposition to the motion, and has not made any appearance on the record in this case since her answer was filed.

## III.  STANDARDS

The rules of discovery in federal cases permit the district court, in its discretion, to enter a default judgment against a party who fails to comply with an order compelling discovery.  Fed. R. Civ. P. 37(b)(2)(A)(v); see also Henry v. Gill Indus., Inc., 983 F.2d 943, 946-49 (9th Cir. 1993) (upholding a district court's dismissal of an action as a discovery sanction).  "A terminating sanction, whether default judgment against a defendant or dismissal of a plaintiff's action, is very severe . . .[o]nly willfulness, bad faith, and fault justify terminating sanctions."  Connecticut Gen. Life Ins. Co. v. New Images of Beverly Hills, 482 F.3d 1091, 1096 (9th Cir. 2007) (internal citations omitted).

The Ninth Circuit has constructed a five-part test, with three subparts to the fifth part, to determine whether a case-dispositive sanction under Rule 37(b)(2) is just: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.  The sub-parts of the fifth factor are whether the court has considered lesser sanctions, whether it tried them, and whether it warned the recalcitrant party about the possibility of case-dispositive sanctions."  Connecticut Gen. Life Ins. Co., 482 F.3d at 1096 (internal citations omitted).  The district court need not find each factor favors dismissal as a condition precedent to terminating sanctions; instead, these factors provide a framework for the court's analysis.  Id.  "The most critical factor to be considered in case-dispositive sanctions is whether a party's discovery violations make it impossible for a court to be confident that the parties will ever have access to the true facts."  Id. (internal citations omitted).

4

## IV.   TERMINATING SANCTIONS ARE APPROPRIATE

For the reasons now explained, consideration of all the relevant factors leads this court to the conclusion that terminating sanctions are appropriate.

### A.  Willfulness, Bad Faith, and Fault

Defendant Hollis's violation of court orders, complete failure to participate in the litigation process, and failure to follow through on her past agreements to participate can no longer be construed as anything but willful, bad faith conduct.  As recited above, Hollis agreed to participate in this court's VDRP program, and then failed to participate, wasting both plaintiff's and the court's resources.  ECF No. 32 ("A mediation date was agreed upon and confirmed by all remaining parties, in consultation with the VDRP neutral, and scheduled to occur May 5, 2023.  Defendant Hollis failed to make an appearance at the mediation and has failed to contact the neutral thereafter.").  Following removal from VDRP and the commencement of discovery, Hollis refused participate, failing to appear for deposition on two occasions despite an express admonishment from the court and her written agreement to the second deposition date.  The record in this case makes clear that Hollis is aware of this lawsuit, has consistently engaged in dilatory conduct, and is willfully refusing to participate in discovery.

### B.  Public Interest in the Expeditious Resolution of Cases

Defendant's refusal to comply with her discovery obligations and numerous court orders has delayed the expeditious resolution of this case.  The public interest in efficient resolution of cases has thus been thwarted by defendant's conduct.  This factor weighs in favor of terminating sanctions.

### C.  The Court's Need to Manage Its Docket

Defendant's failure to properly utilize this court's resources and cooperate in discovery has already consumed an undue amount of limited judicial time and resources.  The Eastern District of California has one of the heaviest caseloads in the country.  Due to Hollis's conduct, a dispute that should have been straightforward (indeed, the dispute has already been resolved as to all other defendants) has become ongoing and time consuming.  Were this litigation to continue, plaintiff would have to bring yet another motion to compel regarding the same discovery because

Hollis has still not appeared for a deposition.  Given Hollis's history of non-compliance with remedial orders, the court can have no confidence that its resolution of future discovery motions would move litigation along.  Accordingly, considerations of judicial economy weigh in favor of terminating sanctions.

### D.  Risk of Prejudice to Plaintiff

Plaintiff's ability to prosecute this case has been prejudiced by defendant's conduct.  To date, plaintiff have been unable to move forward with discovery due to defendant's repeated failure to appear.  In effect, the case has been brought to a complete standstill by Hollis's behavior.  Defendant's conduct thus impairs plaintiff's ability to proceed to trial and threatens to interfere with the rightful decision of the case.  See Adriana Int'l Corp. v. Thoeren, 913 F.2d 1406, 1412 (9th Cir. 1990).  This factor accordingly weighs in favor of terminating sanctions.

### E.  Public Policy Favoring Merits Resolution

The general policy favoring disposition of cases on their merits always weighs against terminating sanctions.  However, this policy alone is not sufficient to outweigh the other factors. Leon v. IDX Sys. Corp., 464 F.3d 951, 960-61 (9th Cir. 2006).

### F.  Availability and Effectiveness of Lesser Sanctions

The procedural history of this case demonstrates that less drastic sanctions would not be effective.  Indeed, lesser sanctions have been imposed and have failed to achieve Hollis's compliance.  ECF No. 42.  Defendant Hollis has been warned that failure to timely comply with court orders would result in future sanctions "up to and including entry of default judgment against her in the full amount requested by plaintiff.  Fed. R. Civ. P. 37(b)(2)."  ECF No. 42 at 4. Defendant has not paid the initial sanctions, responding to plaintiff's request for payment via email stating "I would like to state for the record my inability to pay as I am a single, unemployed, mother."  ECF No. 46-2 at 7.  It is clear to the court that sanctions short of entry of judgment will not be effective in advancing this case.

### G.  Conclusion

After consideration of the relevant factors, the court finds that the balance weighs in favor of terminating sanctions.

1          **V.     FURTHER MONETARY SANCTIONS ARE ALSO APPROPRIATE**

2          The court further finds that defendants are entitled to monetary sanctions pursuant to Fed.

3  R. Civ. P. 37.  Under Fed. R. Civ. P. 37(b)(2)(C), if a party fails to obey an order to provide

4  discovery, the court may order the disobedient party "to pay the reasonable expenses, including

5  attorney's fees, caused by the failure[.]"  Here, defendant's continued failure to obey discovery

6  orders has necessitated multiple motions and thus caused plaintiff to incur legal fees.  Plaintiff's

7  counsel has provided a declaration stating that plaintiff incurred legal fees and costs in the amount

8  of $2,804.00 in connection with the second failed deposition and in bringing the motion at bar.

9  ECF No. 45-1 at 4-5.  The court finds these fees to be reasonable in light of the labor expended

10  and awards plaintiff $2,804.00 as Rule 37 sanctions.

11                              **VI.  CONCLUSION**

12         For all the reasons explained above, IT IS HEREBY ORDERED that defendant Sara

13  Hollis shall pay plaintiff $2,804.00 in discovery sanctions in connection with her failure to

14  participate in her deposition and for necessitating a second discovery motion on the matter.

15         It is RECOMMENDED that plaintiff's motion for terminating sanctions (ECF No. 46) be

16  GRANTED and judgment by default be entered against defendant Sara Hollis in an amount to be

17  determined by separate motion.

18         These findings and recommendations are submitted to the United States District Judge

19  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within twenty-one days

20  after being served with these findings and recommendations, any party may file written

21  objections with the court and serve a copy on all parties.  Id.; see also Local Rule 304(b).  Such a

22  document should be captioned "Objections to Magistrate Judge's Findings and

23  Recommendations."  Any response to the objections shall be filed with the court and served on all

24  parties within fourteen days after service of the objections.  Local Rule 304(d).  Failure to file

25  objections within the specified time may waive the right to appeal the District Court's order.

26  ////

27  ////

28  ////

1  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57

2  (9th Cir. 1991).

3  DATED: April 10, 2024

4

5  ALLISON CLAIRE
   UNITED STATES MAGISTRATE JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

8