SEAN TAMURA-SATO (Cal. SBN 254092)
seant@minamitamaki.com
**MINAMI TAMAKI LLP**
101 Montgomery Street, Suite 825
San Francisco, CA 94104
Tel. (415) 788-9000
Fax (415) 398-3887

GINA SZETO-WONG (Cal. SBN 284883)
gina@szetowonglaw.com
**SZETO-WONG LAW, PC**
19925 Stevens Creek Boulevard, Suite 100
Cupertino, CA 95014
Tel. (650) 425-6264
Fax (415) 869-5392

*Attorneys for Plaintiff Rouble P. Claire*

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ROUBLE P. CLAIRE, an individual,<br><br>　　　　　　　　　Plaintiff,<br><br>vs.<br><br>COUNTY OF SUTTER; EARL MANION, in his individual capacity; VISHAAL VIRK, in his individual capacity; SARA M. HOLLIS; JANE DOE; and DOES 2-20, inclusive,<br><br>　　　　　　　　　Defendants. | **CASE NO. 22-CV-00780 TLN-AC**<br><br>**PLAINTIFF ROUBLE CLAIRE'S MOTION FOR DAMAGES AGAINST SARA M. HOLLIS; MEMORANDUM OF POINTS AND AUTHORITIES** |

**MEMORANDUM OF POINTS AND AUTHORITIES**

I.     **INTRODUCTION**

This case arises out of incidents on May 11, 2021, beginning when Defendant Sara Hollis threatened Plaintiff Rouble Claire ("Plaintiff") in the parking lot of the South Butte market, yelled racial slurs at him, threatened to "ram" Plaintiff with her car, and drove her car at Plaintiff at a high speed.  After being harassed and attacked by Defendant Hollis, another woman (Defendant "Jane Doe") came to Plaintiff's home later that day and wrote racial slurs in chalk in the street in front of Plaintiff's home and on his driveway.

Plaintiff has suffered severe emotional harm as a results of Defendant Hollis' egregious conduct.  Defendant Hollis' unprovoked and malicious attack has caused Plaintiff substantial emotional distress and trauma.

Defendant Hollis continuously evaded her obligations to participate in this matter, until the Court entered a default judgment against Defendant Hollis on or about June 12, 2024.

Plaintiff now submits this Memorandum and supporting declarations, and requests that the Court order relief to Plaintiff for harm inflicted by Defendant Hollis' reprehensible actions.

II.     **STATEMENT OF FACTS**

Mr. Claire moved to Sutter, California in 1973 when he was 17 years old.  Declaration of Rouble Claire ("Claire Decl.") ¶ 3.  Mr. Claire received an associate's degree from Yuba College in or around 1981.  Claire Decl. ¶ 4.  Mr. Claire also obtained a bachelor's degree in Electrical Engineering from Sacramento State University in or around 1997.  Claire Decl. ¶ 5.  After graduating from Sacramento State University, Mr. Claire moved to the San Francisco Bay Area and worked in manufacturing and design for companies located there.  Claire Decl. ¶ 6.  Mr. Claire moved back to Sutter in August 2019 to help take care of his aging mother after his father passed away.  Claire Decl. ¶ 7.

*May 11, 2021: Defendant Hollis assaults Plaintiff*

Between 10:00 and 11:00 a.m. on May 11, 2021, Mr. Claire left his home on Maple Street in Sutter, California and drove to the South Butte Market.  Claire Decl. ¶ 8.  Mr. Claire withdrew

- 1 -

**PLAINTIFF ROUBLE CLAIRE'S MOTION FOR DAMAGES AGAINST SARA M. HOLLIS;
MEMORANDUM OF POINTS AND AUTHORITIES
CASE NO. 22-CV-00780 TLN-AC**

money from an ATM machine at the store and made a purchase there.  Claire Decl. ¶ 9.  Mr. Claire walked out of the store toward his car in the parking lot.  *Id.*

Defendant Hollis was sitting in her car parked on the driver's side of Mr. Claire's car with a window rolled down.  Claire Decl. ¶ 10.  As Mr. Claire approached the driver's side door of his car, Defendant Hollis shouted "Hindu motherfucker" at him.  Claire Decl. ¶ 11.

Mr. Claire looked toward Defendant Hollis, and yelled words to the effect of, "Hey, did you fucking drive on Maple Street?"  Claire Decl. ¶ 12.  Mr. Claire responded by saying words to the effect of, "I not only drove on Maple Street, I live on Maple Street."  Claire Decl. ¶ 13.

Defendant Hollis accused Mr. Claire of hitting and killing her dog with his car.  Claire Decl. ¶ 14.  Mr. Claire responded that he did not hit or kill Defendant Hollis' dog and that it was possible someone else hit it if it was not on a leash.  Claire Decl. ¶ 15.  Defendant Hollis said she had a video of the alleged incident, but refused to show it to Mr. Claire.  Claire Decl. ¶ 16.  Mr. Claire is unaware of ever having met Defendant Hollis prior to this encounter.  Claire Decl. ¶ 17.  Mr. Claire was extremely confused as to who Defendant Hollis was and why she was angry with him.  Claire Decl. ¶ 18.

Defendant Hollis continued to behave aggressively towards Mr. Claire, cursing at him and calling him "motherfucker," "asshole," and "fucking Hindu."  Claire Decl. ¶ 19.  Mr. Claire reasonably felt that Defendant Hollis was using these terms to harass him based on his race, ethnicity, creed, national origin, and/or skin color.  *Id.*  In an attempt to calm the situation, Mr. Claire repeatedly told Defendant Hollis that he did not hit her dog.  Claire Decl. ¶ 20.  However, Defendant Hollis both verbally and physically threatened Mr. Claire, saying words to the effect of, "I'm gonna ram you."  Claire Decl. ¶ 21.

Defendant Hollis then backed her car up and drove towards Mr. Claire at a rapid speed.  Claire Decl. ¶ 22. Defendant Hollis put Mr. Claire in apprehension of being hit by her vehicle and caused him to move toward the front of his car to avoid being struck.  Claire Decl. ¶ 23.  As Defendant Hollis drove close to Mr. Claire, she took a sudden turn, just missing Mr. Claire.  Claire Decl. ¶ 24.  Defendant Hollis slammed on her brakes, and parked behind and perpendicular to Mr.

**PLAINTIFF ROUBLE CLAIRE'S MOTION FOR DAMAGES AGAINST SARA M. HOLLIS;
MEMORANDUM OF POINTS AND AUTHORITIES
CASE NO. 22-CV-00780 TLN-AC**

Claire's car. Claire Decl. ¶ 25. Mr. Claire's car was thus blocked from being able to leave the parking lot. Claire Decl. ¶ 26. Fearing what Defendant Hollis might do next, Mr. Claire ran back into the South Butte Market. Claire Decl. ¶ 27.

Following the incident at South Butte Market, Mr. Claire drove home slowly on Maple Street to see if there was any sign of a dog having been hit. Claire Decl. ¶ 28.

Defendant Hollis has generally denied wrongdoing regarding the foregoing incidents.

*May 11, 2021: Defendant JANE DOE vandalizes Mr. Claire's Home with Racial Epithets*

Mr. Claire arrived home from the South Butte Market around 11:30 a.m., parked his car in his driveway, and went into his house. Claire Decl. ¶ 29. Sometime between 1:00 and 2:00 p.m., while looking outside his kitchen window, Mr. Claire saw Defendant JANE DOE walking past his house. Claire Decl. ¶ 30. Defendant JANE DOE walked to a stop sign near Mr. Claire's house, and then turned around and walked back towards Mr. Claire's home. Claire Decl. ¶ 31. As Defendant JANE DOE walked towards Mr. Claire's home, she knocked Mr. Claire's garbage cans over. Claire Decl. ¶ 32. Defendant JANE DOE stopped in front of Mr. Claire's home and then wrote in white or light-colored chalk the words "SAND NIGGER" and an arrow pointing to Mr. Claire's house on the street. Claire Decl. ¶ 33. Immediately after writing the words "SAND NIGGER," Defendant JANE DOE knocked Mr. Claire's garbage cans over again, then traced over the words "SAND NIGGER" in colored chalk:



- 3 -
**PLAINTIFF ROUBLE CLAIRE'S MOTION FOR DAMAGES AGAINST SARA M. HOLLIS;
MEMORANDUM OF POINTS AND AUTHORITIES
CASE NO. 22-CV-00780 TLN-AC**

*Id.*

"SAND NIGGER" is a racist slur that denigrates people of, or who appear to be of, Middle Eastern descent. Defendant JANE DOE then walked onto Mr. Claire's property and wrote in chalk on his driveway the words "SAND NIGGER." Claire Decl. ¶ 34.

Defendant JANE DOE then left Mr. Claire's property and walked towards Defendant Hollis' home. Claire Decl. ¶ 35. Fearing for his safety and the safety of his 92-year-old mother who lives with him, Mr. Claire immediately called 911. Claire Decl. ¶ 36.

Approximately 20-30 minutes after he called 911, Sheriff Deputy Earl Manion arrived at Mr. Claire's home. Claire Decl. ¶ 37. In addition to telling Deputy Manion what had just happened, Mr. Claire described what had occurred earlier that day at the South Butte Market. *Id.*

Deputy Manion met with Defendant Hollis at Robbin's home. Claire Decl. ¶ 38. Defendant Hollis informed Deputy Manion that her friend had written "SAND NIGGER" on Mr. Claire's driveway and on the street in front of his house. Claire Decl. ¶ 39. Defendant Hollis refused to provide her friend's name to Deputy Manion. *Id.* To date, Defendant Hollis continues to refuse to identify Defendant JANE DOE. Claire Decl. ¶ 40.

///

///

### III. PROCEDURAL BACKGROUND ON TERMINATING SANCTIONS

On February 9, 2024, Plaintiff filed his Motion for Sanctions. ECF Nos. 46, 46-1, 46-2, 46-3 and 46-4. Defendant did not file an Opposition to the Motion. Declaration of Sean Tamura-Sato ("STS Decl.") ¶ 2. Plaintiff's counsel appeared before Magistrate Judge Allison Claire on April 10, 2024 but Defendant failed to appear. ECF No. 49. The matter was submitted. *Id.*

On April 10, 2024, Magistrate Judge Allison Claire issued an Order and Findings and Recommendations, which was entered on April 11, 2024. ECF No. 50. Defendant Sara Hollis was ordered to pay Plaintiff $2,804.00 in Discovery Sanctions in connection with her failure to participate in her deposition and for necessitating a second Discovery Motion on the matter. *Id.* Magistrate Judge Allison Claire recommended that Plaintiff's Motion for Sanctions be granted and that Judgment by Default be entered against Defendant Sara Hollis in an amount to be determined by separate motion. *Id.* The matter was referred to Judge Troy L. Nunley and Defendant was ordered to file Objections within 14 days after being served with these Findings and Recommendations. *Id.* Defendant failed to file an Opposition. STS Decl. ¶ 3.

On June 12, 2024, this Court adopted Magistrate Judge Allison Claire's Findings and Recommendations in full, granted Plaintiff's Motion for Sanctions, and directed the Clerk to enter judgment against Sara Hollis in an amount to be determined by separate motion. ECF No. 53. Default Judgment was entered by this Court. ECF No. 54. On September 20, 2024, Magistrate Judge Allison Claire ordered Plaintiff to submit a motion regarding damages or a status report no later than October 21, 2024. ECF No. 55.

### IV. LEGAL CLAIMS

**A.     California Civil Code Section 51.7 - Violation of the Ralph Civil Rights Act**

California Civil Code section 51.7(a), the Ralph Civil Rights Act (hereinafter "Ralph Act"), provides that, "all persons within the jurisdiction of this state have the right to be free from any violence, or intimidation by threat of violence, committed against their persons or property" due to, among other things, their race, ethnicity, or religion.

- 5 -
**PLAINTIFF ROUBLE CLAIRE'S MOTION FOR DAMAGES AGAINST SARA M. HOLLIS;
MEMORANDUM OF POINTS AND AUTHORITIES
CASE NO. 22-CV-00780 TLN-AC**

Defendant Hollis intentionally committed violence and/or threatened violence and/or intimidation by threats of violence, against Mr. Claire and/or his property on account of his race, ethnicity, and/or religion.  A reasonable person in Mr. Claire's position would have believed and been intimidated by Defendant Hollis driving at Mr. Claire at a high speed, Defendant Hollis threatening to "ram" Mr. Claire with her car, and Defendant Hollis screaming at Mr. Claire that he was a "fucking Hindu," as set forth above.

Defendant Hollis denied Mr. Claire his right to be free from violence, or intimidation by threat of violence, committed against his person and property.

Defendant Hollis' violation of Mr. Claire's rights entitles Mr. Claire to substantial damages.  First, Mr. Claire is entitled to actual damages suffered.  Civil Code Section 52(b).  Mr. Claire is also entitled to an amount determined by the court for exemplary damages.  Civil Code Section 52(b)(1).  Defendant Hollis is also subject to a **civil penalty of $25,000**.  Civil Code Section 52(b)(2).

**B.     California Civil Code section 52.1 - Violation of the Tom Bane Civil Rights Act**

California Civil Code section 52.1, the Tom Bane Civil Rights Act (hereinafter "Bane Act"), establishes that it is unlawful to interfere with the exercise or enjoyment of any rights under the Constitution and laws of this state and the United States by use or attempted use of threats, intimidation, or coercion.

At all times relevant herein, Mr. Claire had and has the following clearly-established rights under the laws of the State of California:  (1) The right to be free from assault as secured by California Penal Code section 240; (2) The right to be free from assault with a deadly weapon pursuant to California Penal Code section 245(a)(1); (3) The right to be free from bodily harm per California Civil Code section 43; (4) The right to be free from injury of property and infringement upon rights pursuant to California Civil Code section 1708; (5) The right to be free from persons entering onto a landowner's property without the landowner's consent as secured by California Penal Code section 602; (6) The right to be from criminal acts motivated by racial or religious animus pursuant to California Penal Code sections 422.55, 422.6, 422.7, and 422.75; and (7) The right to be free from elder abuse as secured by California Penal Code section 368.

1   In committing the acts complained of herein, Defendant Hollis intentionally interfered with the exercise or enjoyment of Mr. Claire's rights guaranteed under California law, including but not limited to Mr. Claire's right of protection from assault, trespass, crimes motivated by racial or religious animus, and elder abuse, by use or attempted use of threats, intimidation, or coercion.

As set forth hereinabove, Defendant Hollis acted to aid, incite, or conspire with each other to deny Mr. Claire the rights secured to him under the laws of the State of California. In so acting, Defendant Hollis violated Mr. Claire's civil rights.

Defendant Hollis' violation of Mr. Claire's rights as guaranteed by the Bane Act entitles Mr. Claire to compensatory damages and punitive damages.

### C.   Assault

Defendant Hollis acted, intending to cause Mr. Claire apprehension of an imminent harmful and offensive contact. *So v. Shin*, 212 Cal.App.4th 652, 668-669 (2013). Defendant Hollis' acts placed Mr. Claire in great apprehension of imminent harmful and offensive contact. In performing the acts alleged herein, Defendant Hollis acted with the intent of making contact with Mr. Claire.

Defendant Hollis' conduct caused Mr. Claire to be apprehensive that Defendant Hollis would subject him to further intentional invasions of his right to be free from offensive and harmful contact and demonstrated that at all times material herein, Defendant Hollis had a present ability to subject Mr. Claire to an intentional, offensive, and harmful touching.

As a direct and proximate result of Defendant Hollis' unlawful conduct as alleged herein, Mr. Claire has suffered severe emotional distress, humiliation, embarrassment, mental distress, anxiety, and economic harm, in amounts according to proof at trial.

### D.   Intentional Infliction of Emotional Distress

Defendant Hollis inflicted injury, pain, and emotional distress to Plaintiff in calling Mr. Claire a "fucking Hindu" before telling Mr. Claire that she was "gonna ram" Mr. Claire with her car, then driving her vehicle at Mr. Claire at a high speed. Defendant Hollis engaged in extreme and outrageous conduct that transcended the bounds of human decency. *Hughes v. Pair*, 46 Cal.4th 1035, 1050-51 (2009). Defendant Hollis acted with wanton and reckless disregard for Mr.

1  Claire's safety and with deliberate indifference to the certainty that Mr. Claire would suffer severe
2  emotional distress.  Mr. Claire has suffered and will continue to suffer severe emotional distress.

## V. ASSESSMENT OF DAMAGES

In determining the amount of Plaintiff's damages (in addition to statutory penalties), the Court should consider a number of factors, including Defendant Hollis' egregious conduct and the detrimental effect on Plaintiff.  As a direct and proximate result of Defendant Hollis' actions, Plaintiff has suffered harm, including but not limited to, severe emotional and mental distress, humiliation, embarrassment, and anxiety.

Plaintiff has suffered debilitating stress from this dehumanizing incident for years.  Claire Decl. ¶¶ 40 – 46, 47.  Plaintiff continues to suffer from the excruciating memories of the events of May 11, 2021.  Claire Decl. ¶ 42.

The attack by Defendant Hollis has caused Plaintiff difficulty sleeping.  Claire Decl. ¶ 44.  This is due to the mental anguish that Defendant Hollis caused, as well as fear of someone breaking in to his home and hurting him or his mother.  *Id.*

Plaintiff has suffered loss of enjoyment in life.  Claire Decl. ¶ 42.  Prior to this incident, Plaintiff would often engage in physical activity such as hiking.  Claire Decl. ¶ 43.  However, since the incident, he has ceased doing so because of the emotional toll of the incident.  *Id.*

Plaintiff has been forced to seek professional medical treatment as a result of Plaintiff's attack.  Claire Decl. ¶ 45.

Plaintiff also suffered substantial economic harm, including lost earnings, as a result of the attack.  Claire Decl. ¶ 46.  Plaintiff invests in the financial markets to make a living.  *Id.*  Because of the attack, Plaintiff's work was negatively affected, and Plaintiff suffered significant financial losses as a result.  *Id.*

In light of the damage caused by Defendant Hollis, Plaintiff respectfully requests compensatory and exemplary damages in the amount of $125,000.

## VI. ATTORNEYS' FEES & COSTS

In addition to any damages awarded to Plaintiff prevailing in a claim under Civil Code Section

- 8 -

**PLAINTIFF ROUBLE CLAIRE'S MOTION FOR DAMAGES AGAINST SARA M. HOLLIS;
MEMORANDUM OF POINTS AND AUTHORITIES
CASE NO. 22-CV-00780 TLN-AC**

52.1, the Court may award "reasonable attorney's fees." Civil Code Sections 52(b)(3), 52.1(i); see also *Ventura v. ABM Indus. Inc.*, 212 Cal.App.4th 258, 275 (2012).

Plaintiff's counsel have expended extensive resources in pursuing this matter against Defendant Hollis. STS Decl. ¶ 16. This included extensive factual investigation, written discovery requests, service of process on the evasive witness, extensive efforts to attempt to secure her deposition testimony, settlement discussions, meet and confer efforts as required by the court, and work to document and compile damages information. *Id.*

Plaintiff's counsel have expended well over 134 hours of time on this matter pertaining to Defendant Hollis. STS Decl. ¶ 17, Exh. 3. Plaintiff requests attorneys' fees and costs of only 134.2 hours of attorney time for a total of $57,035.00 in attorneys' fees. This does not include time devoted to prosecuting Plaintiff's claims against the County of Sutter and the sheriff deputy defendants. STS Decl. ¶¶ 17-19.

Plaintiff's counsel's billing rate is supported by his declaration submitted herewith. STS Decl. ¶¶ 4-14.

## VI.   CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court award him $25,000 in statutory damages, $125,000 in compensatory and exemplary damages, and attorneys' fees of $57,035.

Dated: October 17, 2024         MINAMI TAMAKI LLP

                                By:   /s/ Sean Tamura-Sato

                                SEAN TAMURA-SATO

Dated: October 17, 2024         SZETO-WONG LAW, PC

                                By:   /s/ Gina Szeto-Wong as authorized on 10/17/24

                                GINA SZETO-WONG

                                *Attorneys for Plaintiff*