UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| ROUBLE P. CLAIRE, | No. 2:22-cv-0780 TLN AC |
|---|---|
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| SARA M. HOLLIS, | |
| Defendant. | |

This case is before the court on plaintiff's motion for damages following entry of default judgment (ECF No. 54) in his favor. ECF No. 56. Defendant Sara M. Hollis appeared in pro se prior to her default. The motion was referred to the undersigned pursuant to E.D. Cal. R. 302(c)(21). The motion for damages was filed on November 17, 2024. Defendant did not file an opposition. On February 26, 2025, the court conducted an evidentiary hearing on the issue of compensatory damages. ECF No. 61. For the reasons set forth below, the undersigned recommends the motion be GRANTED, though in a reduced amount.

**I.  Relevant Background**

This case was initiated against multiple defendants, including pro se defendant Sara M. Hollis. ECF No. 1 (initial complaint); ECF No. 4 (amended complaint). Plaintiff brought federal civil rights claims against Sutter County and two Sutter County Sheriff's Deputies, and various state law claims against Hollis and an unserved Jane Doe. The complaint accused Hollis of a racially motivated assault, Jane Doe of racist vandalism, and the County defendants with failing

1

to properly respond to the incidents. The causes of action stated against Hollis were for violation of the Ralph Civil Rights Act (Cal. Civ. Code § 51.7(a)), the Tom Bane Civil Rights Act (Cal. Civ. Code § 52.1), assault, and intentional infliction of emotional distress. ECF No. 4 at 40-44, 45-46.

Hollis submitted a document to the court, which was docketed as an answer on July 14, 2022. ECF No. 7. This document stated in its entirety, "I, Sara Hollis have received and do acknowledge that I am being sued in a civil court. The actions and statements made against me are not true and all questions being presented have been answered and are contained in police reports." Id.

Judgment was entered against the County defendants pursuant to acceptance of an offer of judgment. ECF No. 15. Because claims remained against pro se defendant Hollis, the case was referred to the undersigned magistrate judge for continued proceedings. ECF No. 18. Hollis failed to participate in case scheduling, VDRP, and discovery. See ECF No. 26 (noting defendant's failure to appear at pretrial scheduling conference), 32 (case removed from VDRP due to defendant's failure to appear for mediation), 42 (order directing defendant to appear for deposition and respond to discovery requests, following failure to participate in discovery), 49 (noting defendant's failure to appear at hearing on further discovery sanctions). Due to Hollis's persistent failure to participate in this litigation, plaintiff moved for terminating sanctions against her and the court granted the motion. ECF Nos. 50, 53, 54. Default judgment was entered against Hollis in an amount to be determined by later motion. ECF No. 54. That motion is now before the court.

## II. Motion

Plaintiff requests $125,000 in compensatory and exemplary damages for violations of the Ralph Civil Rights Act, the Tom Bane Civil Rights Act, assault, and intentional infliction of emotional distress. ECF No. 56 at 6-8. Plaintiff also seeks $25,000 in statutory damages pursuant to the Ralph Civil Rights Act. Id. at 6-7. Finally, plaintiff seeks an award of attorneys' fees and costs in the amount of $57,035. Id. at 9-10. The total amount requested is $207,035.00. ECF No. 58 at 2.

### III. Analysis

Default judgment has been entered on all counts against defendant Hollis, and all that remains is the determination of damages. ECF No. 53, 54. Upon an entry of default, the factual allegations of the plaintiff's complaint are taken as true, except those relating to damages. See Derek Andrew, Inc. v. Poof Apparel Corp., 528 F.3d 696, 702 (9th Cir. 2008).

#### A. Statutory Damages

Hollis has been found liable by default for violations of California's Ralph Civil Rights Act. Her motion for damages seeks the $25,000 civil penalty authorized by California Civil Code Section 52.1(b) on the Ralph Act claim. ECF No. 56 at 6-7. The court finds that plaintiff is entitled to the $25,000 civil penalty authorized by statute.

#### B. Compensatory and Exemplary Damages

##### 1. Defendant Hollis's Actions and Plaintiff Claire's Injuries

In addition to the statutory civil rights claims, Sara Hollis has been found liable by default for assault and intentional infliction of emotional distress. ECF No. 4 (First Amended Complaint) at 43-46; ECF Nos. 50 (Findings and Recommendations recommending default judgment against Hollis), 53 (order adopting recommendation), 54 (default judgment). Plaintiff seeks compensatory and exemplary or punitive damages on all claims against Hollis. Those claims arise from the following factual basis.[1]

On May 11, 2021, Hollis and plaintiff were parked next to each other in the parking lot of South Butte Market in the town of Sutter. Hollis was in her car, and plaintiff was standing next to his. Yelling through her open car window, Hollis called plaintiff — who immigrated to the United States from India in the 1970s — "a motherfucking Hindu." She accused him of having run over her dog on Maple Street, where plaintiff lives and where it was later discovered that Hollis also lived. When plaintiff denied knowing anything about the dog, Hollis continued to use profanity and to call plaintiff a "fucking Hindu." Hollis then told plaintiff that she was "going to ram him." Hollis backed out of her parking space and, instead of driving away, drove straight at

---

[1] This factual summary is based on the allegations of the complaint (ECF No. 4 at 5-6, 40-44, 45-46) as supplemented by plaintiff's testimony at the evidentiary hearing on damages.

plaintiff at a high rate of speed. Plaintiff was afraid he would be hit, but Hollis stopped just short of plaintiff's car. She then parked perpendicular to the rear of his vehicle so that plaintiff was blocked from leaving the parking lot. Fearing what Hollis might do next, plaintiff ran into the market and asked a clerk who had witnessed the incident to call the Sheriff's Department.

Later that day, Hollis's friend Jane Doe knocked over the garbage cans at plaintiff's house and wrote the words "SAND NIGGER" in chalk on the street in front of his house and also on his driveway. Jane Doe also used a racist slur directly to plaintiff's face. Hollis refused to identify Jane Doe to local law enforcement.[2]

Plaintiff sustained no physical injuries or property damages during the encounter with Hollis, but he experienced fear, emotional and mental distress, humiliation, embarrassment, and anxiety. The complaint also alleges that plaintiff "suffered economic harm and other consequential damages including lost earnings, medical expenses from mental health providers and other health professionals, as well as incidental expenses[.]" ECF No. 4 at 43; see also id. at 44, 45-46. By the present motion plaintiff requests $125,000 in combined compensatory and exemplary damages, but the motion does not specify the amounts requested as compensatory damages and as exemplary damages respectively. ECF No. 56 at 9. At hearing, counsel stated that compensatory damages alone could appropriately be assessed at a total of $125,000. No argument or authority was presented to justify this amount, and plaintiff has offered no evidence regarding jury verdicts in similar cases.[3]

    2. Compensatory Damages

---

[2] The claims against Sutter County and two of its Sheriff's Deputies arose from their allegedly inadequate response to plaintiff's report of hate crimes, and from the County's alleged practice or custom of failing to equally enforce civil rights laws and to investigate hate crimes pursuant to the requirements of California law. As noted above, plaintiff settled with the County defendants in 2022. See ECF No. 15.

[3] "District courts in this circuit, noting the dearth of Ninth Circuit case law on how to evaluate the amount of damages claimed for emotional distress in the default judgment context, have adopted the approach used by courts in the Second Circuit," namely, "to compare the damages sought in default judgment to jury awards in similar cases." ACF 2006 Corp v. L. Offs. of Michael J. Libman APC, No. CV 19-2920-DMG (JCX), 2020 WL 7038384, at *5 (C.D. Cal. Oct. 7, 2020) (citing Brantley v. Boyd, No. C 07-6139 MMC, 2013 U.S. Dist. LEXIS 99388, 2013 WL 3766911, at *8 (N.D. Cal. July 16, 2013) (collecting cases)).

    a. Medical Expenses

In the default judgment context, a plaintiff must "prove up" the amount of damages he claims. Philip Morris USA, Inc. v. Castworld Prods., Inc., 219 F.R.D. 494, 501 (C.D. Cal. 2003). Plaintiff's declaration in support of the motion states only that he was "forced to seek continued medical treatment after the attack" by defendant Hollis. ECF No. 56-3 at 5. At the hearing, plaintiff testified that he saw a psychiatrist three times in person and a few more times via video during a period of approximately three months following his encounter with Hollis. Plaintiff has provided no medical bills or other evidence to establish the amount of any medical expenses he incurred related to this treatment. The court accordingly finds that plaintiff has failed to prove up any compensable medical damges, but will nonetheless consider the fact that plaintiff sought mental health treatment as evidence in support of emotional distress damages.

    b. Financial Losses

Plaintiff's declaration in support of the motion stated that he "suffered substantial economic harm, including lost earnings, as a result of the attack. I invest my own money in the financial markets to make a living. Because of the attack, my ability to focus on my work has been negatively affected, and I suffered significant financial loss as a result." ECF No. 56-3 at 5. Plaintiff's testimony at the evidentiary hearing was similarly vague. Although Mr. Claire estimated that he lost about $200,000 because he was unable to engage in trading for an unspecified period after the incident due to emotional distress, he also acknowledged that he "can't do the mathematics" to justify that figure. The $200,000 figure appears to be entirely speculative. Plaintiff has presented no evidence of his earnings from trading before and after the incident, or any other evidentiary basis for a finding of economic loss. There is therefore no basis for compensatory damages. The court will, however, consider Mr. Claire's testimony in this regard as it relates to emotional distress.

    c. Emotional Distress

Under California law, emotional distress damages (noneconomic damages) are part of the award of compensatory damages. McNairy v. C.K. Realty, 150 Cal. App. 4th 1500, 1506 (2007). "There is no fixed or absolute standard by which to compute the monetary value of emotional

distress[.]" Plotnik v. Meihaus, 208 Cal. App. 4th 1590, 1602 (2012) (quotations and citation omitted). Pursuant to California law, "the testimony of a single person, *including the plaintiff*, may be sufficient to support an award of emotional distress damages." Knutson v. Foster, 25 Cal. App. 5th 1075, 1096 (2018) (emphasis in original). "The controlling standard for emotional distress damages is that they must be reasonable." Fite v. Beasley, No. 2:21-cv-03908-FWS-JPR, 2023 WL 3551129, at *9, 2023 U.S. Dist. LEXIS 54643 (C.D. Cal. Mar. 7, 2023) (citing Khraibut v. Chahal, 2021 WL 1164940, at *20 (N.D. Cal. Mar. 26, 2021) and Cal. Civ. Code § 3359).

Plaintiff's declaration and his testimony at the hearing credibly describe the fear and shock he experienced when initially confronted by Hollis's bigoted vitriol in the parking lot, the fear for his life that he momentarily experienced when she drove at him after threatening to "ram" him, and his fear of further escalation when she boxed his vehicle in to prevent him from leaving. Plaintiff also described the lasting effects of this encounter, which caused anxiety, sleeplessness, and problems with attention and concentration over the next few months. These effects were serious enough to affect plaintiff's normal activities, including financial trading, and to cause him to seek treatment from a mental health professional.

Plaintiff described the May 11, 2021, incident itself as "torturous," and testified that for months afterward he was afraid for his own safety and that of his elderly mother, with whom he lives. He stopped going out for walks in the neighborhood and on nearby trails, as had been his habit, for an unspecified period of time. This is entirely understandable, given Hollis's proximity (she lived four houses down the street from plaintiff), her own conduct at the grocery store, and the ensuing racist vandalism by her associate.

Plaintiff also suffered emotionally from being targeted by Hollis on the basis of his perceived race, ethnicity, and/or religion. He testified that the incident made him "feel less than human," and that he "didn't belong to the community." Being made to feel both physically unsafe and outside the fabric of the community on the basis of national origin (or membership in any protected class) causes psychological harms above and beyond those otherwise caused by assaultive or harassing conduct. Plaintiff's mental suffering and emotional distress at being

6

targeted on the basis of his perceived ethnicity and/or religion weighs significantly in the court's assessment of emotional distress damages.

For all these reasons, an award of compensatory damages for emotional distress is entirely appropriate. However, the amount requested is unsupported by any showing of jury awards in similar cases. The requested amount appears excessive in light of the facts that (1) Hollis's actions were limited to a single incident and (2) plaintiff testified to fear and symptoms of distress that affected his functioning for an ensuing period of no more than three months. Having considered all of these factors, the undersigned finds that an award of $40,000 is reasonable. That will be the recommendation.

### 3. Exemplary Damages

Section 3294 of the California Civil Code permits an award of exemplary damages for non-contract claims only when "the plaintiff proves by clear and convincing evidence that the defendant has been guilty of oppression, fraud, or malice." Cal. Civ. Code § 3294; see also Scott v. Phoenix Schools, Inc., 175 Cal. App. 4th 702, 715 (Cal. Ct. App. 2009). In order to determine whether exemplary damages should be awarded, and the amount to be awarded, courts consider: (1) the nature of defendant's acts; (2) the amount of compensatory damages awarded; and (3) the wealth of the defendant. See Professional Seminar Consultants, Inc. v. Sino Am. Tech. Exchange Council, Inc., 727 F.2d 1470, 1473 (9th Cir. 1984) (citing Neal v. Farmers Ins. Exchange, 582 P.2d 980 (Cal. 1978). As to the third factor, the California Supreme Court has stated that the record must contain some evidence related to the defendant's financial condition in order to ensure that the reward is nonspeculative. Adams v. Murakami, 54 Cal.3d 105, 114 (1991). "For this reason, evidence of the defendant's financial condition is a prerequisite to an award of punitive damages in order to ensure that it is not based on speculation but based on deterrent effect." Harrell v. Kepreos, 2:06-0849 MCE CMK, 2008 WL 619117, at *4 (E.D. Cal. Mar. 4, 2008), report and recommendation adopted, No. 2:06-cv-00849 MCE CMK, 2008 WL 864043 (E.D. Cal. Mar. 28, 2008). "The burden of establishing the defendant's financial condition is on the plaintiff." Id.

Here, the record contains no evidence of defendant's financial condition. Accordingly,

while the alleged conduct of Hollis is indisputably reprehensible, exemplary damages are not available.

### C. Recoverable Attorneys' Fees

Reasonable attorneys' fees and costs are directed recoverable by statute in California Civil Code §§ 52(b)(3), 52.1(i). See also, Ventura v. ABM Indus. Inc., 212 Cal.App.4th 258, 275 (2012). Calculation of reasonable attorneys' fees is based on the "lodestar" approach, which requires a similar analysis under both federal and state law. See Hensley v. Eckerhardt, 461 U.S. 424, 433 (1983); Ketchum v. Moses, 24 Cal. 4th 1122, 1131 (2001). The Court must first determine a reasonable fee by multiplying "the number of hours reasonably expended on the litigation" by "a reasonable hourly rate." Hensley, 461 U.S. at 433. Here, plaintiff requests a reduced fee of $57,035.00 for 134.2 hours of attorney time at an hourly rate of $425. ECF No. 56 at 10. Counsel omitted from the requested hours tasks not related to the claims against defendant Hollis and the "vast majority of time spent on internal meetings and communications." ECF No. 56-1 at 4. Counsel submitted an adequate billing statement. ECF No. 56-2 at 11-16. Under the circumstances of this case, the court finds this fee request to be reasonable.

### IV. Conclusion

For all the reasons explained above, it is RECOMMENDED THAT plaintiff's motion for damages against defendant Sara M. Hollis (ECF No. 56) be GRANTED in the reduced total amount of $122,035 ($25,000 in statutory damages, $40,000 in actual damages, and $57,035.00 in attorney's fees). Following entry of the damages award, the undersigned recommends that the Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Id.; see also Local Rule 304(b). Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed with the court and served on all parties within fourteen days after service of the objections. Local Rule 304(d). Failure to file

objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998), as amended on denial of reh'g (Nov. 24, 1998); Martinez v. Ylst, 951 F.2d 1153, 1156–57 (9th Cir. 1991).

DATED: February 27, 2025

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE